### JOHN SPRAY v. THE TERRITORY OF OKLAHOMA.

(Filed September 7, 1894.)

1. APPEAL—*Compliance with Statute.* When a criminal cause is brought here upon writ of error or appeal, in such a manner that the court cannot pass upon the substantial rights of the parties, the provisions of the statute relating thereto must be strictly complied with.

2. AGREEMENT OF ATTORNEYS—*Will not Prevail Against Statute.* An agreement of attorneys prescribing the time or manner of taking such appeal or bringing such writ of error here, cannot be substituted in lieu of the provisions of the statute.
(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before John G. Clark, District Judge.*

*Amos Green & Son* for plaintiff in error.

*J. H. Woods, County Attorney* and *C. A. Galbraith, Attorney General,* for defendant in error.

PER CURIAM : The plaintiff in error was indicted by the grand jury of Oklahoma county for a rape committed upon Etta Fix, a female child fourteen years of age. A transcript of the testimony of the prosecuting witness and of the plaintiff in error is filed in the case. From a careful examination of this testimony it appears that a number of other witnesses were examined, and it is evident that no true estimate can be formed of the merits of the case without an examination of the other testimony also.

It is not possible, therefore, to pass upon the substantial rights of the parties. To do this, it is imperative that a complete transcript of the evidence should be furnished.

This case was begun under the code of criminal procedure in force when the indictment was found, December 8, 1891, as contained in the Statutes of Oklahoma, edition of 1890, by which it is provided in art. 16, p. 1015 that;

SECTION 4. "The appeal must be taken within one year after the judgment is rendered and the transcript must be filed as hereinafter directed; and,

SECTION 5. "An appeal is taken by the service of a notice upon the clerk of the court where a judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney."

SECTION 7. "   *   *   * When the appeal is taken the appellant shall, within sixty days thereafter, prepare and serve upon the opposite party, or his attorney an abstract of the record of the cause, setting forth so much thereof as he may deem necessary to clearly present the errors complained of, and shall accompany it by an assignment of error, and shall file in the office of the clerk

of the supreme court seven printed or type-written copies thereof and the clerk of the court shall then docket the cause, plaintiff and defendant, as it stood in the court below. * * * * Abstracts, briefs and arguments shall be in such form and filed as the supreme court may by rule direct."

Judgment was rendered December 19, 1892. The notices were not served as prescribed in sections 4 and 5.

The provisions cited in section 7 were not complied with. In lieu thereof the following agreement was attempted to be substituted:

"It is hereby stipulated and agreed that no writ of error need issue. Defendant in error hereby traverses the aforesaid assignment of error, and says no error intervened in the trial below, and waiving service of writ agrees that the court hear the case on the record and papers and evidence filed, and without the filing of briefs by either party, and pass upon the errors complained of; that the case be taken up and heard by consent on the 20th day of the present month, or as soon thereafter as the court can hear the same. July 17, 1893."

This agreement was signed by the attorneys for the plaintiff in error and by the county attorney on the last named date, and also by the attorney general for the Territory.

Accompanying this agreement the "transcript on appeal" together with excerpts from the evidence were filed in this court January 16, 1894. No attempt has been made to bring the case here in the manner prescribed by the statute. This court has, as authorized by section 7, given directions as to the form in which abstracts and briefs shall be presented to it. These directions have not been complied with.

*Ex parte* G. H. Lacy.

When a criminal cause is brought here upon writ of error or appeal in such a manner that the court cannot pass upon the substantial rights of the parties, the provisions of the statute relating thereto must be strictly complied with.

An agreement of attorneys, prescribing the time or manner of taking such appeal or bringing such writ of error here cannot be substituted in lieu of the provisions of the statute. The appeal is dismissed.

All of the Justices concur.