HENRY H. SWAN VS. THE UNITED STATES.

1. Where the defendant below was, on the 7th day of November, 1892, duly sentenced, upon a conviction had prior thereto, and upon the same day filed his motion for a new trial, and the same is overruled, and an appeal prayed for and allowed on said day, and the transcript of the record and case made is not filed in the supreme court until the 4th day of December, 1893, no notice of appeal being filed prior to said date, *held:* That under section 4, article 16, Procedure Criminal, Laws of Oklahoma, the appeal will not lie.

*Amos Green & Son* and *H. R. Thurston*, for appellant.

*C. R. Brooks* and *Horace Speed*, for appellee.

The opinion of the court was delivered by

DALE, C. J.: From an examination of the record in this case, it appears that in the court below the defendant, Henry H. Swan, was, at the October term, 1892, of the court held in Kingfisher county, convicted of an attempt to commit the crime of manslaughter, and was, on the 7th day of November, sentenced upon the verdict of the jury to imprisonment in the penitentiary for a term of one year at hard labor, and to pay a fine of $50 and the costs of the prosecution. It

further appears from said record that on the same day the defendant below prayed an appeal, which was duly granted, and time given. That on the 4th day of December, 1893, the defendant filed in this court his transcript of the record, and the writ of error was granted, returnable at the January term of the supreme court following.

It nowhere appears in the record that any notice of the appeal was ever served upon the attorney for the the adverse party, and the defendant in error calls the attention of this court to the fact that the appeal was not filed in time and asks this court to dismiss the same.

It is well settled that appeals will lie in those cases only where the statute provides for the appeal, and that, in order for a person to avail himself of the right of appeal, he must substantially comply with all of the reasonable requirements of the statutes.

The Statutes of Oklahoma, in section 4, article 16, Procedure Criminal, provide that appeals must be taken within one year after the judgment is rendered. In the case under consideration it appears that more than one year elapsed from the time the appeal was prayed for and allowed by the district judge before the same was properly taken. The statute requiring that appeals shall be filed within one year is a reasonable statute, and where a party appealing fails to bring himself within the requirements of such statute, this court will not consider such appeal.

Justice Burford, having tried the case below, not sitting, all the other Justices concurring.