## D. R. M. JONES v. STATE.

No. A-651. Opinion Filed January 5, 1911.

APPEAL — Time of Taking — Extension. Under section 6948 of Snyder's Comp. L. Okla., an attempt on the part of the trial judge or court to extend the time for taking an appeal in a misdemeanor case so as to permit the filing of the case in the appellate court after the expiration of 120 days from the date of the judgment below, is inoperative and void.

(Syllabus by the Court.)

*Appeal from Jackson County Court; W. T. McConnell, Judge.*

D. R. M. Jones was convicted of violating the prohibition law and sentenced to pay a fine of $500 and to be imprisoned in the county jail for a term of 90 days, and he appeals. Appeal dismissed.

*Johnson, Morrill & Riegel,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE. The judgment appealed from in this case was rendered on September 15, 1909, at which time the trial court made an order allowing plaintiff in error 120 days to make and serve a case, and allowing the county attorney 10 days in

which to suggest amendments, and requiring that the case be settled upon five days' notice and be filed in the Criminal Court of Appeals within 20 days after settlement and signing. The case-made was filed in this court on March 12, 1910.

Section 6948 of Snyder's Comp. L. provides that in misdemeanor cases the appeal must be taken within 60 days after judgment is rendered, except that the trial court or judge, for good cause shown, may extend the time for the taking of such appeal not exceeding sixty days. Under this provision the trial judge cannot extend the time more than sixty days, and any attempt on his part to extend the time for filing the petition in error and case-made in this court, so as to permit its being filed herein after the expiration of 120 days from the date of the rendition of judgment, is inoperative and void. In this case the petition in error and case-made were not filed in this court until March 12, 1910, 178 days after the rendition of judgment. The state has filed a motion to dismiss the appeal on that account and the motion will be sustained.

It is therefore ordered that the appeal herein be and the same is hereby dismissed, and that a mandate issue to the County Court of Jackson County directing said court to enforce its judgment and sentence in this case.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.