# JOHN FARMER v. STATE.

No. A-949.   Opinion Filed March 7, 1911.

(114 Pac. 753.)

1. APPEAL—Transfer of Case—Time— Construction of Statutes.
Sections 6948 and 6949, Snyder's Comp. Laws of Oklahoma, 1909,
must be construed together, and they mean that an appeal in a
criminal case to this court must be filed within the time pre-
scribed by section 6948, and that if the appellant fails to file a
transcript of the record or case-made in this court. or fails to
serve notice thereof within the time prescribed by section 6948,
that this court will not acquire jurisdiction of such appeal, and
the appeal will be dismissed.

2. NEW TRIAL—Grounds— Inability to Obtain Case-made.  Where
counsel for a defendant have exercised all possible diligence to
obtain a case-made within the time prescribed by section 6948,
and have been unable to do so through no fault of theirs, the
trial court should set aside a conviction and grant the defendant
a new trial.

3. APPEAL—Inability to Obtain Case-Made—New Trial.  Where
a record conclusively shows that counsel for appellant have ex-
ercised every possible diligence to obtain a case-made, and
through no fault of theirs have been unable to obtain such
case-made, this court will reverse a conviction of the lower
court upon the ground that the appellant, through no fault of
his or his counsel. has been deprived of the constitutional right
to have this court pass upon alleged errors committed in the
trial court.

4. APPEAL—Record—Correction. Under section 6077, Snyder's Comp.
Laws of Oklahoma, 1909, where a transcript of the record or
case-made has been filed in this court in due time, and by
proper motion it is made to appear that any matter is of record
in the court from which the appeal is taken touching the cause
appealed, or any evidence heard on the trial of said cause, or
that any statement or certificate or motion or other matter is
omitted from such record or case-made, or are insufficiently
stated therein, this court will allow the appellant. a reasonable
time within which to prepare such omitted parts of the tran-
script of the record or case-made under the direction of the
trial judge, and file such corrections in this court, and when so
filed such corrections or added parts will have the same force
and effect as though they had been originally incorporated in
the record or case-made when first filed in this court.

5. SAME—Notice of Corrections.  When attorneys desire to cor-
rect a transcript of the record or case-made, they must give

reasonable notice to the opposite party, not only of the motion to correct the record made in this court, but also, if said motion is granted by this court, they must serve upon the opposite party a copy of the corrections desired to be made before such corrections are submitted to the trial judge. and give such opposite party an opportunity to be heard by the trial judge before such corrections are approved and certified to by such judge.

6. **APPEAL—Proceedings for Transfer—Transcription of Stenographic Notes.** Where a defendant desires to appeal his counsel should promptly deposit with the court stenographer a sufficient sum of money to pay for having the notes of the testimony extended, and should then request the trial court to make a mandatory order requiring such stenographer to extend the notes of the testimony within sufficient time to allow the defendant to perfect his appeal within the time required by law.

7. **APPEAL—Proceedings for Transfer of Cause—Time for Taking—Power to Extend.** No court has the power to grant an extension of time, beyond that allowed by statute, within which an appeal can be filed in this court.

(Syllabus by the Court.)

*Appeal from District Court, Tulsa County; L. M. Poe, Judge.*

John Farmer was convicted of manslaughter, and he appeals. Dismissed.

On the 30th day of March, 1910, appellant was convicted in the district court of Tulsa county of the offense of manslaughter in the first degree, and his punishment was assessed at confinement in the penitentiary at hard labor for a period of seven years. Appellant attempted to appeal. The transcript of the record and case-made were not filed in this court until the 18th day of November, 1910. Appeal dismissed.

*A. Nicodemus* and *E. G. Wilson,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE. The Attorney General has filed the following motion to dismiss this appeal:

"Comes now Charles West, Attorney General, and appearing specially and for the purpose of this motion only, moves the court to dismiss the pretended appeal herein for the following reason: Because the record shows that the judgment of conviction was rendered on the 30th day of March, 1910, and the case-made here-

in was not filed in the office of the clerk of this court until the 18th day of November, 1910, and after the six months had expired in which to perfect said appeal as required by section 6948, Snyder's Compiled Laws of Oklahoma, 1909. Wherefore said Attorney General says that this court is without jurisdiction in this case, except to dismiss said pretended appeal. Charles West, Attorney General. Smith C. Matson, Assistant Attorney General."

The record supports the statements of fact contained in the motion. The statute referred to is as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

Counsel for appellant in their brief say:

"The position of the plaintiff in error is that the court in which the case was tried or the judge thereof has the right, when good cause is shown therefor, to extend the time in which to make and serve a case-made and to file the petition in error beyond the six months mentioned in section 6948, *supra.*"

They further contend that the statute relied upon by the Attorney General simply prescribes the time within which the notice of appeal shall be served, as provided for by section 6949, Snyder's Comp. Laws of Okla. 1909, which is as follows:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. If taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the district court."

We think that sections 6948 and 6949 should be construed together, and that they mean that the appeal must be completed within the time prescribed by section 6948, and that if there has been a failure either to file a transcript of the record or case-made with the Criminal Court of Appeals, or to serve notice

thereof within the time prescribed by the statute, that this court is without jurisdiction to consider such appeal. Section 6948 is an amendment, and took the place of section 5609 of Wilson's Rev. & Ann. St. of Okla. 1903, which is as follows:

"The appeal must be taken within one year after the judgment is rendered, and the transcript must be filed as hereinafter directed."

This statute has been repeatedly construed by the Supreme Court of Oklahoma Territory. In the case of *Henry Swan v. United States,* 2 Okla. 114, 37 Pac. 1061, the defendant was found guilty of manslaughter, and judgment and sentence was pronounced upon him on the 7th day of November, 1892, and on the 4th day of December, 1893, defendant filed a transcript of the record in the Supreme Court of Oklahoma Territory. The Attorney General filed a motion to dismiss this appeal upon the ground of want of jurisdiction. Chief Justice Dale, in rendering the opinion of the court, said:

"It is well settled that appeals will lie in those cases only where the statute provides for the appeal, and that, in order for a person to avail himself of the right of appeal, he must substantially comply with all of the reasonable requirements of the statutes. The Statutes of Oklahoma, in section 4, article 16, Procedure Criminal, provide that appeals must be taken within one year after the judgment is rendered. In the case under consideration it appears that more than one year elapsed from the time the appeal was prayed for and allowed by the district judge before the same was properly taken. The statute requiring that appeals shall be filed within one year is a reasonable statute, and where a party appealing fails to bring himself within the requirements of such statute, this court will not consider such appeal."

In the case of *John Spray v. Territory of Oklahoma,* 6 Okla. 1, 37 Pac. 1074, the defendant was convicted for the offense of rape. Judgment was rendered on the 19th day of December, 1892, but the record was not filed in the Supreme Court until the 16th day of January, 1894. A motion was filed by the Attorney General to dismiss the appeal. In a *per curiam* opinion the court said:

"An agreement of attorneys, prescribing the time or manner of taking such appeal or bringing such writ of error here, cannot

be substituted in lieu of the provisions of the statute. The appeal is dismissed."

In the case of *John A. Cox v. Territory,* 6 Okla. 581, 52 Pac. 1134, the opinion of the court, upon a motion to dismiss the appeal, is as follows:

"The appellant was indicted and convicted under section 13, art. 5, c. 3, Laws of Oklahoma, 1893, of the crime of misbranding cattle, and was, on the 16th day of October, 1895, sentenced to imprisonment in the territorial penitentiary for a period of 18 months. The appeal was not filed in the Supreme Court until March 22, 1897. In *Swan v. United States,* 2 Okla. 114 [37 Pac. 1061] this court held that section 4, art. 16, of our Procedure Criminal Act, limits the time in which appeals may be taken to one year. We are still of the same opinion, and the appeal is therefore dismissed."

It is seen by this that the Supreme Court of Oklahoma Territory took the same view of this question which we have taken. The reason why section 6948, Snyder's Comp. Laws of Okla. 1909, was adopted in lieu of section 5609 of Wilson's Rev. & Ann. Stats. of Okla. 1903 is that when statehood came it was found to be almost impossible to enforce the prohibitory liquor law from the fact that, under the law in force prior to statehood, the defendant was allowed one year within which to perfect his appeal. Convictions would be obtained in these cases, and the defendant would have one year from the date of judgment within which to bring his case to this court for review. So the law was amended, and the intention of the Legislature was to require defendants in misdemeanor cases to perfect their appeals within 60 days, but the power was given to the trial court or judge, for good cause, shown, to extend such time, not exceeding 60 days. The Legislature went further and provided that all appeals in felony cases must be taken within six months after the judgment is rendered, and that transcripts on both felony and misdemeanor cases must be filed as "hereinafter directed." This direction with reference to the filing of transcripts does not relate to the question of time within which an appeal shall be perfected, but merely to the manner in which appeals should be prepared and taken.

In the case of *Ensley v. State*, 4 Okla. Cr. 57, 109 Pac. 250, Judge Richardson, speaking for the court, said:

"In 1909 the Legislature passed an act requiring appeals in misdemeanor cases to be taken within 60 days after rendition of judgment, unless the trial court, for good cause shown, should grant an extension of time for that purpose, not exceeding 60 days. Section 6948, Snyder's Comp. Laws. This act became effective June 11, 1909. Prior to that time a defendant had a year in which to perfect his appeal. The offense of which plaintiff in error was convicted is alleged to have been committed on May 19, 1909; the information was filed on July 17th of that year, trial was had on July 19th, motions for a new trial and in arrest of judgment were filed and were overruled on October 2, 1909, on which day the court rendered the judgment appealed from. And it is now contended that, inasmuch as the offense was committed, if at all, before this act became effective, plaintiff in error is entitled to a full year in which to appeal, and therefore may yet serve the notices required and thus avoid a dismissal, although the information was not filed, trial had, or judgment rendered until the act took effect. It is admitted by plaintiff in error that the act in question relates only to the procedure, and is not therefore *ex post facto;* but he insists that the right contended for is preserved to him by section 54 of article 5 of our Constitution, which reads as follows: 'The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute.' Plaintiff in error places his reliance on that portion of the above section relating to 'proceedings begun by virtue of such repealed statute.' But again we are compelled to disagree with him. No proceeding of any kind had been instituted at the time the act in question became effective. No right of appeal had accrued, because no trial had been 'begun.' 'And it would seem to require neither argument nor citation of authorities to show that this prosecution was not a proceeding begun by virtue of the statute, now repealed, granting to a defendant convicted of a misdemeanor a year in which to appeal. What that statute had to do with making criminal the act complained of, we are unable to perceive. This prosecution was begun by virtue of the statute making it an offense to sell intoxicating liquor or to have the same in one's possession, with the intent to sell. That was the basis of the action, the statute creating and defining the crime; and that was the statute under and

by virtue of which the proceeding was begun and carried on. If, after the prosecution had been instituted, the prohibition law had been repealed, under the constitutional provision quoted, the state's right to proceed with the prosecution would not have been affected thereby; but the law prescribing the procedure during the trial or any portion thereof, and the manner and time of taking the appeal, is not within either the letter or the spirit of the section quoted."

It is true that this was a misdemeanor case, and that in misdemeanor cases the judge or court has the power to grant an extension of time for serving a case-made, not exceeding 60 days. The fact that the Legislature granted permission to the trial court to extend the time within which an appeal might be perfected in misdemeanor cases and in the same section limited the time within which appeals might be taken in felony cases, and failed to authorize the trial court in felony cases to extend such time, shows conclusively that it was the intention of the Legislature to force the attorneys in felony cases to perfect their appeals within six months. While it is true that the right of appeal is recognized by the Constitution, and therefore cannot be taken from a defendant, it is also true that it is for the Legislature to prescribe the manner and time within which such appeals must be perfected. And when such provisions are made by the Legislature as are reasonable and just, they then become jurisdictional, and no court has the right or power to disregard them.

In the case of *Jones v. State,* 4 Okla. Cr. 661, 112 Pac. 760, Judge Richardson, speaking for the court, said:

"Section 6948 of Snyder's Comp. Laws provides that in misdemeanor cases the appeal must be taken within 60 days after judgment is rendered, except that the trial court or judge, for good cause shown, may extend the time for the taking of such appeal, not exceeding 60 days. Under this provision the trial judge cannot extend the time more than 60 days, and any attempt on his part to extend the time for filing the petition in error and case-made in this court, so far as to permit its being filed herein after the expiration of 120 days from the date of the rendition of judgment, is inoperative and void. In this case the petition in error and case-made were not filed in this court until March 12,

1910, 178 days after the rendition of judgment. The state has filed a motion to dismiss the appeal on that account, and the motion will be sustained."

In the case of *Ben Hughes v. State,* 4 Okla. Cr. 333, 111 Pac. 964, the defendant was convicted of grand larceny. Judgment was rendered against him on the 22d day of July, 1909, but the notice of appeal was not served until the 23d day of February, 1910. Appellant in that case resisted the motion to dismiss the appeal upon the ground that when the offense was committed the statute gave parties convicted of a felony one year within which to perfect an appeal; but this court held that section 6948 went into effect in June, 1909, and, as the defendant was convicted subsequent to that time, the law was applicable to his case. The appeal was dismissed. We think that six months is reasonable time for preparing and serving a case-made and filing the record in this court. The writer of this opinion practiced law in Texas for many years at a time when what was known as the statement of facts and bill of exceptions had to be filed within at least 10 days after the adjournment of court. This statement of facts and bill of exceptions served the same purpose that a case-made serves in Oklahoma, viz., it brought up all matters not of record. At that time court stenographers were unknown, and these statements of facts and bills of exceptions were made up by the attorneys from memory alone. The writer never experienced any difficulty in getting up his records in time, and is of the opinion that the more time that is given to work on these records the more careless counsel become. If counsel for appellant in this case had applied to the trial court for a mandatory order requiring the court stenographer to extend his notes of the trial in time to enable them to perfect this appeal within the time required by law, the judge would doubtless have issued such an order, and this case would not be in the condition which it now occupies.

But it is contended by counsel for appellant that cases may arise in which it may be impossible for appellant to secure a case-made within the time prescribed by law, and that, too, without

fault on his part, and thereby he might be deprived of his constitutional right to have his appeal reviewed on a case-made. Where such a contingency arises, then the defendant should be granted a new trial, either by the trial court or on appeal by this court. See *Tegeler v. State,* 3 Okla. Cr. 595, 107 Pac. 949. But before this can be done, it must be conclusively shown by the record that counsel for appellant did everything within their power in an effort to obtain a case-made, and their failure to do so was not the result of their negligence or want of care. The record in this case contains the following: "Service of the above case-made is hereby acknowledged and accepted on this the 26th day of August, 1910. N. A. Breckenridge, County Attorney." This was more than a month before six months had expired from the date of conviction. So it affirmatively appears from the record that appellant had ample time within which to file his case-made in this court before the expiration of the time provided by law. This matter being called to the attention of counsel for appellant, in the argument of this case, they stated that as a matter of fact the stenographer had not completed extending his notes at the time that acceptance of service of the case-made was signed by the county attorney, and for this reason they could not file a complete case-made within the time prescribed by law. Just such contingencies as this are provided for by section 6077 of Snyder's Comp. Laws of Oklahoma, 1909, which is as follows:

"If, after any record or case-made is filed in the Supreme Court, in an appeal in either civil or criminal cause, it shall appear that any matter which is of record in the court from which the appeal is taken, touching the cause appealed, or that any evidence heard on the trial of said cause, or that any statement or certificate or motion, or other matter is omitted from such record or case-made, or are insufficiently stated therein, the Supreme Court may, on its own motion, order; or on motion of any party to such cause, may within a reasonable time, to be fixed by the Supreme Court, if in session, and if not in session to be fixed by any justice of that court, other than the judge who tried said cause, prepare such omitted parts under the direction of the trial judge, and file

such corrections in the Supreme Court, with like force and effect as though such corrected or added parts had been originally incorporated in the record or case-made, when first filed in the Supreme Court, and no appeal shall be dismissed by reason of such errors or omissions, until an opportunity be allowed, and then given to supply such corrections, and if ordered by the court on its own motion, the parties shall be given reasonable notice of the time allowed, and if made on the motion of one of the parties, the party desiring to amend must give to the opposite parties such notice as the court may by rule prescribe; or the parties, appellant and appellee, may by written agreement file such corrections. If such corrections be not made within the time so allowed, then the appeal may be dismissed, or judgment be affirmed, as the court may deem proper, and such order to correct, or leave so to do, may be had at any time before the cause is finally decided by the Supreme Court."

If counsel for appellant had filed in this court a transcript of the record and as much of the case-made as they had been able to prepare and serve within the time prescribed by law, under this statute this court would have had the power, upon a proper showing, to grant them sufficient time to prepare the omitted parts of the case-made, under the directions of the trial judge, and to file such corrections in this case, and such corrected case-made would have been just as legal and binding as though it had been originally incorporated in the case-made when first filed in this court. Attention is called to the case of *Hunter v. State*, 3 Okla. Cr. 535, 107 Pac. 444, where counsel for appellant availed himself of the provisions of this statute. In that case this court said:

"November 18, 1909, there was filed in this court petition in error, with case-made attached, together with proof of service of notices that defendant appeals. Whereupon an order was made, granting a stay of execution, subject to such order or judgment as may be made in said cause by this court. January 26, 1910, on motion of the defendant, he was permitted to file a corrected case-made, containing a transcript of the evidence taken on the trial and other matters omitted in the original case-made."

The record in this case shows that the appellant was able to give bond pending an appeal. This being the case, it is safe to say

that appellant, if he had tried to do so, could have furnished the money necessary to pay the stenographer for extending the notes of the testimony in this case. His counsel should have promptly deposited with the court stenographer the necessary fees ·for extending the testimony, and then applied to the trial court for a mandatory order requiring the stenographer to extend said notes in time to enable them to perfect this appeal. Men must learn that it is a very serious matter to be found guilty of an offense by a jury in Oklahoma, and that those who would avoid the consequences of a conviction must exercise the utmost diligence and bring themselves within the provisions of the statute on the subject of appeals. If this had appeared in the record, a very different question would be presented for our decision than that which is now before us.

In view of the fact that more than six months elapsed from the rendition of the judgment before the case-made was filed in this court, we are without jurisdiction to entertain the appeal, and the motion of the Attorney General to dismiss this appeal must be sustained. The appeal is dismissed, and the district court of Tulsa county is directed to proceed with the execution of the judgment.

ARMSTRONG and DOYLE, JUDGES, concur.