## ARTHUR BATES v. STATE.

No. A-514. Opinion Filed March 21, 1911.

(114 Pac. 271.)

APPEAL—Transfer of Cause—Time. Section 6948, Snyder's Statutes, requires that appeals in misdemeanor cases be filed in the Criminal Court of Appeals within 60 days from the date of judgment. unless for good cause shown the time is extended by the trial court, which time cannot be extended more than 120 days from the date of the judgment.

When an appeal is not perfected in the manner provided by this section of the statute, this court is without jurisdiction to review it, and such appeal will be dismissed.

(Syllabus by the Court.)

*Appeal from Marshall County Court; J. W. Falkner, Judge.*

Arthur Bates was convicted of violating the prohibitory law, and he appeals. Appeal dismissed.

*Hardy & Franklin,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. The appellant was tried and convicted in the county court of Marshall county on a charge of selling

intoxicating liquor, and on the 21st day of August, 1909, was sentenced to pay a fine of $200 and serve 60 days in the county jail.

On the day he was sentenced the court allowed appellant 60 days in which to prepare and serve case-made, and ordered that the petition in error be filed in the Criminal Court of Appeals within 15 days after the date of the settlement of the case-made. The case-made was signed and settled by the trial judge on the 19th day of October, 1909, and under the order of the court the petition in error and case-made should have been filed in this court on the 3d day of November, 1909. The case-made was not filed until the 30th day of December, which was more than 4 months subsequent to the day the judgment was rendered.

This court has repeatedly held that the appeal must be perfected within the time allowed by the trial court, and when no time is allowed it must come within the provisions of the statute, which, according to section 6948, Snyder's Comp. Laws 1909, requires the appeal to be filed within 60 days from the date of judgment, when no order of the court is made for good cause shown extending it. This section also provides that the court cannot extend it longer than four months. In the case before us the court's order operated to extend the time only to November 3d.

The appeal will have to be dismissed, because not perfected within the time allowed by the court, as provided by the statute.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.