## HOMER JORDAN v. STATE.

Nos. A-999, A-1000.   Opinion Filed November 25, 1911

(118 Pac. 813.)

1. **APPEAL AND ERROR—Record—Due Diligence.** When an appellant, who has been convicted of an offense in a trial court in this state, seeks a reversal of a judgment in this court, on the ground that he was unable to present enough of the record on appeal to disclose prejudicial error, the record must conclusively show that he has exercised every possible diligence to obtain a proper case-made, and through no fault of his has been unable to do so. Farmer v. State, 5 Okla. Cr. 151, 114 Pac. 753.

2. **APPEAL AND ERROR—Sufficient Record—Correction.** Where a transcript of the record or case-made has been filed in this court in due time, and by proper motion it is made to appear that any matter is of record in the court from which the appeal is taken touching the cause appealed, or any evidence heard on the trial of said cause, or that any statement, or certificate, or motion, or other matter is omitted from such record or case-made, or are insufficiently stated therein, this court will allow the appellant a reasonable time within which to prepare such omitted parts of the transcript of the record or case-made under the direction of the trial judge, and file such corrections in this court; and when so filed such corrections or added parts will have the same force and effect as though they had been originally incorporated in the record or case-made when first filed in this court.

(Syllabus by the Court.)

*Appeals from Payne County Court; P. D. Mitchell, Judge.*

Homer Jordan was convicted on two indictments for violating the prohibitory law, and appeals. Affirmed.

*Springer & Oursler,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen. (*Andrew Wood,* of counsel), for the State.

ARMSTRONG, J.   Homer Jordan was convicted in two cases, in the county court of Payne county, in August, 1910, for violations of the prohibitory law.   In case . No. A999, he was charged with conveying intoxicating liquor unlawfully from one place to another designated in the information, and his punishment fixed at a fine of $100, and 30 days' confinement in the county jail.   In case No. A1000, he was charged with having the unlawful possession of intoxicating liquor with the intention of selling the same, and his punishment fixed at a fine of $100, and imprisonment in the county jail for a period of 30 days.

Plaintiff in error contends that he was deprived of his right of appeal by reason of the failure of the court stenographer of the county court of Payne county to furnish a transcript of the evidence, and upon this ground seeks a reversal of the judgments of conviction in these cases.   This is the sole question at issue.

The record discloses that the plaintiff in error was given 120 days from August 25, 1910, the date upon which the judgments appealed from were rendered, in which to file petition in error and case-made in this court.   He was given 90 days at first, but, on account of the stenographer being behind with her work, the time was extended.   This extension allowed him until the 23d day of December to perfect the appeal.   On December 21, 1910, evidence was taken on a motion for a new trial, based upon the ground that plaintiff in error had been unable to perfect his appeal in the time allowed by law, because the stenographer could not furnish a transcript of the evidence in time.   One of the attorneys for the plaintiff in error testified on the hearing upon this motion that he told the stenographer, about the 12th of December, that she need not make the transcript of the evidence. At this time, there remained 11 days within which to perfect the appeal, and it is not shown that the stenographer could not have gotten out the transcript within this time.

In the case of *Farmer v. State,* 5 Okla. Cr. 151, 114 Pac. 753, this court held:   ·

"Where counsel for a defendant have exercised all possible

6 Cr.—13

diligence to obtain a case-made within the time prescribed by section 6948, Snyder's Stat., and have been unable to do so through no fault of theirs, the trial court should set aside a conviction and grant the defendant a new trial."

In the case under consideration, we do not think the record shows that counsel exercised all possible diligence to obtain the case-made within the time prescribed. In the absence of such showing, this court cannot indulge in the presumption that such diligence was used. Cases will only be reversed upon the contention made here when the law has been strictly complied with, and the plaintiff in error has not been guilty of laches.

This court, in the case of *Farmer v. State,, supra,* held further:

"Under section 6077, Snyder's Comp. Laws of Oklahoma 1909, where a transcript of the record or case-made has been filed in this court in due time, and by proper motion it is made to appear that any matter is of record in the court from which the appeal is taken touching the cause appealed, or any evidence heard on the trial of said cause, or that any statement or certificate, or motion, or other matter, is omitted from such record or case-made, or are insufficiently stated therein, this court will allow the appellant a reasonable time within which to prepare such omitted parts of the transcript of the record or case-made under the direction of the trial judge, and file such corrections in this court; and when so filed such corrections or added parts will have the same force and effect as though they had been originally incorporated in the record or case-made when first filed in this court."

See, also, *Dobbs v. State,* 5 Okla. Cr. 475, 114 Pac. 358.

Under the rule announced in the cases, *supra,* plaintiff in error could have filed a petition in error and transcript of the record in this court on or before December 23, 1910, and then filed an application here to be permitted to supplement the record by incorporating the transcript of the evidence, and upon proper showing would have been permitted to do so, and his whole case would have been before this court within the time required. But no such action was taken, and we do not think the record

shows that diligence upon his part to perfect these appeals which entitles him to a reversal of the judgments on the ground relied upon.

There being no other questions raised, the judgments of the trial court are affirmed.

FURMAN, P. J., and DOYLE, J., concur.