### T. P. EATON v. STATE.

No. A-1083. Opinion Filed March 19, 1912.

(121 Pac. 1089.)

APPEAL—Dismissal. If an appeal is not perfected in the time and manner prescribed by law, this court has no jurisdiction of such appeal, and it will be dismissed.

(Syllabus by the Court.)

*Appeal from Payne County Court;*
*P. D. Mitchell, Judge.*

T. P. Eaton was convicted of libel, and appeals. Dismissed.

*Chester H. Lowry,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   On the 17th day of December, 1910, judgment was rendered in the county court of Payne county against appellant for the offense of libel, and his punishment was assessed by the court at a term of 30 days' imprisonment in the county jail and a fine of $200.   At said date the court granted the defendant 60 days within which to make and serve his case-made, and 90 days in which to perfect his appeal to this court.   On the 15th day of February, 1911, appellant applied to the county court of Payne county and was granted an order extending the time for making and serving his case-made until the 17th day of March, 1911, and also extending the time for the defendant to perfect his appeal to this court 60 days from said 15th day of February, 1911.   On the 11th day of April, 1911, the court again extended the time until the 1st day of June, 1911, within which the defendant might make and serve his case-made and perfect his appeal.   The record fails to show that the case-made was ever served upon the county attorney; but there is a statement in the record, under date of June 6, 1911, signed by the county attorney, to the effect that he has no amendments to suggest to the case-made.   The transcript of the record was not filed in this court until the 20th day of June, 1911.

It has time and again been decided by the Supreme Court of Oklahoma Territory, as well as by this court, that the provisions of the statute with reference to the manner of taking an appeal are mandatory, and whenever they are not complied with the appellate court will not acquire jurisdiction of the case, and the appeal must be dismissed.   See *Farmer v. State,* 5 Okla. Cr. 151, 114 Pac. 753.   In the case at bar the county court was without power to extend the time more than 120 days from the rendition of the judgment, either for the purpose of making and serving the case-made or for the purpose of perfecting the appeal, and all of the orders made extending the time beyond that date are absolutely void.   The law on this subject may in some instances

work a hardship; but if it were not for this rule it would be impossible to enforce the laws of the state of Oklahoma. If a defendant can wait one day after the time given him by law to perfect his appeal, he can wait indefinitely. We have no discretion in cases of this kind; but it is our plain duty to dismiss an appeal for want of jurisdiction whenever the requirements of the statute regulating the manner in which appeals must be perfected are not complied with.

The appeal must therefore be dismissed.

ARMSTRONG and DOYLE, JJ., concur. ·