## C. B. HOUSER v. STATE.

No. A-1493.    Opinion Filed November 18, 1912.

(127 Pac. 706.)

APPEAL—Misdemeanor—Time of Taking. The time in which an appeal must be perfected in misdemeanor cases is regulated by days, and not by months. An order extending the time for taking such an appeal for four months is a nullity.

(Syllabus by the Court.)

*Appeal from Blaine County Court;*
*George W. Ferguson, Judge.*

H. B. Houser was convicted of violating the prohibitory law, and appeals. Dismissed.

*I. H. Lookabaugh,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. It appears ·from the record that the judgment in this case was rendered against the appellant in the county court of Blaine county on the 26th day of July, 1911,

from which appellant appealed. But the appeal was not perfected by filing the transcript of the record in this court until the 25th day of November, 1911.

On the 27th day of September, 1911, the county court of Blaine county entered an order granting 4 months from date of judgment in which the appellant might prepare and file his case-made in this court. This order is without warrant or authority of law. Section 6948, Comp. Laws 1909, regulates this matter as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which said appeal may be taken not exceeding sixty days."

The time in which an appeal must be perfected in misdemeanor cases is regulated by the statute by days, and not by months. In this particular case 122 days had elapsed after the rendition of judgment before the appeal was perfected. As the 120 days had elapsed in which this should have been done, this court failed to acquire jurisdiction of this cause, and therefore the appeal must be dismissed. If an appellant can perfect his appeal 2 days after the time has expired, he might take 2 months or 2 years afterwards to perfect the appeal. The time for perfecting an appeal is a limitation on the right.

DOYLE, J., concurs; ARMSTRONG, J., absent, and not participating.