## WELCH v. STATE.

No. A-1597. Opinion Filed March 11, 1913.

(130 Pac. 514.)

1. APPEAL—Briefs. Where lawyers take an appeal to this court, it is their duty to file a printed or typewritten brief in which they must clearly point out the errors upon which they rely and make an argument in support of the positions which they assume.

2. APPEAL—Misdemeanor Case—Filing Case-Made. Under our statute, an appeal in a misdemeanor case must be perfected by filing a case-made or transcript of the record in this court within 60 days from the date of the judgment, unless this time is extended by an order duly entered by the trial judge in the records of his court; and in no event can an appeal be perfected after the lapse of 120 days from the date of the judgment.

3. APPEAL—Notice of Appeal. Notice of appeal must be served upon the county attorney and the clerk of the court from which the appeal is taken, as required by statute.

(Syllabus by the Court.)

*Appeal from Garvin County Court;*
*W. B. M. Mitchell, Judge.*

J. T. Welch was convicted of violation of the prohibition law, and appeals. Dismissed.

*J. S. Garrison,* for appellant.
*E. G. Spilman,* Asst. Atty. Gen., for the State.

FURMAN, J. On the 27th day of September, 1911, judgment was rendered in the county court of Garvin county against appellant for a violation of the prohibitory liquor law, and his punishment was assessed at a fine of $50 and 30 days' confinement in the county jail. From this judgment, appellant attempted to appeal.

The transcript of the record was filed in this court on the 24th day of January, 1912; but counsel, who represented appellant in the trial court, have evidently abandoned the appeal, as no brief has ever been filed or any appearance made in this court in behalf of appellant.

It would be impossible for this court to transact its business if it did not require lawyers, who appeal cases, to properly present them to the court; and, when no brief is filed pointing out the errors relied upon, this court cannot do more than examine the record for jurisdictional errors.

On an examination of this record, we find that the time for perfecting the appeal, which the statute places at 60 days from the date of the judgment, was never extended by the trial court. This time expired on the 26th day of November, 1911. The record was not filed in this court until the 24th day of January, 1912, 59 days after the time allowed by law expired. We also find that notices of appeal, as required by statute, were never served on the county attorney and the clerk of the court from which the appeal was taken. Both of these defects are jurisdictional and are fatal to this appeal. For these reasons, the court has never acquired jurisdiction of this case, and cannot consider the record for any purpose.

The appeal is dismissed, with directions to the county court of Garvin county to proceed to enforce its judgment.

ARMSTRONG, P. J., and DOYLE, J., concur.