## ANTON KRIVANEK v. STATE.

No. A-2345.   Opinion Filed November 21, 1914.

(144 Pac. 188.)

APPEAL—Time for Proceeding—Dismissal. Procedure Criminal, sec. 5991 (Rev. Laws 1910) provides that: "In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." Held, that when an appeal is not taken within the time prescribed by this section of the statute, this court is without jurisdiction to review it, and such appeal will be dismissed.

(Syllabus by the Court.)

*Appeal from County Court, Canadian County;*
*W. A. Maurer, Judge.*

Anton Krivanek was convicted of violating the prohibitory law, and he appeals. Dismissed.

*S. A. Byers,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   This is an attempted appeal from a judgment of conviction entered on the 4th day of April,

1914, wherein the defendant was sentenced in accordance with the verdict of the jury to pay a fine of $150, and to be confined in the county jail for 40 days. An appeal was attempted to be taken by filing in this court on October 3, 1914, a petition in error with case-made. The Attorney General has filed a motion to dismiss the appeal for the reason that the same was not taken until long after the expiration of the time allowed by law within which to perfect an appeal in a misdemeanor case.

Our Procedure Criminal provides that:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." (Section 5991, Rev. Laws 1910.)

This court has repeatedly held that the appeal must be perfected within the time prescribed by the statute, and that this court does not acquire jurisdiction unless the appeal is taken within the statutory time. *High v. State,* 9 Okla. Cr. 183, 131 Pac. 189; *Welch v. State,* 9 Okla. Cr. 33, 130 Pac. 514; *Houser v. State,* 8 Okla. Cr. 292, 127 Pac. 706; *Eaton v. State,* 7 Okla. Cr. 48, 121 Pac. 1089.

In this case 181 days had elapsed after the judgment was entered before the petition in error was filed in this court. As the court failed to acquire jurisdiction, the motion to dismiss must be sustained. The purported appeal is therefore dismissed, and the cause remanded to the trial court.

DOYLE and FURMAN, JJ., concur.