## WM. BOYLE v. STATE.

No. A-3229. Opinion Filed April 21, 1919.

(179 Pac 945.)

APPEAL AND ERROR—Time of Filing. Under the statute the Criminal Court of Appeals has no jurisdiction to entertain an appeal from a judgment of conviction for a violation of the prohibitory liquor law, filed on a day later than the 120th day after rendition of judgment.

*Appeal from County Court, Tillman County;*
*W. H. Hussey, Judge.*

William Boyle was convicted of violation of the pro-hibitory liquor law, and he appeals.   Appeal dismissed.

*Mounts & Davis,* for plaintiff in error.

PER CURIAM.   This is a pretended appeal from the county court of Tillman county from a judgment rendered on the 27th day of August, 1917, convicting defendant of the unlawful possession of intoxicating liquors, in said county, and sentencing him to serve 30 days in the county jail, and to pay a fine of $50.

The petition in error and case-made were not filed in this court until the 27th day of December, 1917, more than 120 days after the rendition of judgment in the lower court.   This being a conviction for a misdemeanor, the longest period of time allowed by the statute for perfecting an appeal from the judgment is 120 days.

This court has no jurisdiction to entertain an appeal from a judgment of conviction for a misdemeanor filed in this court on a day later than the 120th day after the rendition of judgment.   Therefore the appeal is dismissed in accordance with the opinion of this court in numerous decisions, some of which are the following:   *Eaton v State,* 7 Okla. Cr. 48, 121 Pac. 1089; *Welch v. State,* 9 Okla. Cr. 33, 130 Pac. 514; *Jones v. State,* 4 Okla. Cr. 660, 112 Pac. 760; *Bates v. State,* 5 Okla. Cr. 249, 114 Pac. 271; *High v. State,* 9 Okla. Cr. 183, 131 Pac. 189.