**Lee William BEATTY, Plaintiff in Error,**
**v.**
**The STATE of Oklahoma, Defendant**
**in Error.**
**No. A–13431.**

Court of Criminal Appeals of Oklahoma.
Nov. 20, 1963.

Jack Spivey, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jack A. Swidensky, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Lee William Beatty, hereinafter referred to as the defendant, was charged by Information in the District Court of Oklahoma County with the crime

of Burglary Second Degree After Former Conviction of a Felony; was tried by a jury, found guilty, and his punishment assessed at Five Years in the Oklahoma State Penitentiary.

From this judgment and sentence, he now attempts to appeal.

On the 14th of May, 1963, the jury returned a verdict of Guilty, and judgment and sentence was rendered on the 17th of May, 1963. At the time Motion for New Trial was overruled, the trial court granted thirty days in addition to the time allowed by statute within which to make and serve case-made. On the 1st day of July, 1963, the trial court granted an extension of 45 days, and until September 1, 1963 in which to file his petition in error and perfect an appeal to the *"Supreme Court"* —We assume this was intended to read "Court of Criminal Appeals."

■ The appeal was not filed in this Court until September 10, 1963, and would have been out of time, even had the trial court authority to grant such an extension; which it did not.

■ This Court held in the very early case of Farmer v. State, 5 Okl.Cr. 151, 114 P. 753:

> While the right of appeal is recognized by the constitution, it is for the Legislature to prescribe the manner and time within which appeals may be perfected; and when such provisions are made as are reasonable and just, they become jurisdictional, *and no court has power to grant an extension of time beyond that allowed by statute within which an appeal can be taken.* (Emphasis ours.) Title 22 Okl.St. Ann. § 1054.

■ Since this manner of taking an appeal is mandatory, the motion to dismiss filed by the State is hereby sustained, and the attempted appeal is hereby dismissed.

BUSSEY, P. J., and JOHNSON, J., concur.