J. ROSS HARRISON, JOSEPH M. FOLEY, DON L. BRADSHAW, MICHAEL G. FOGLIANI, WALTER A. RAY, ROBERT I. OLSON, ARTHUR Z. HARTLEY, ROBERT R. DOTSON AND R. W. HILL, APPELLANTS, v. DEPARTMENT OF HIGHWAYS OF THE STATE OF NEVADA AND ITS BOARD OF DIRECTORS PAUL LAXALT, HARVEY DICKERSON, AND WILSON McGOWAN; AND JOHN E. BAWDEN, STATE HIGHWAY ENGINEER, RESPONDENTS.

No. 6230

April 28, 1971                          484 P.2d 716

*Lionel, Sawyer & Wartman,* of Las Vegas, for Appellants.

*Robert List,* Attorney General, and *Melvin L. Beauchamp,* Deputy Attorney General, of Carson City, for Respondents.

## OPINION

By the Court, ZENOFF, C. J.:

This case involves the long-debated "Sunnyside Cutoff" which the Nevada Department of Highways decided to construct as State Highway 38. The appellants are residents,

taxpayers and businessmen of Lincoln County who object to the Department of Highways' location of this highway.

The general route of Highway 38 was first established by the legislature in 1937 and has since been changed to that now described in NRS 408.590. In 1967 the Nevada Department of Highways proposed construction of the eleven mile section here in question. Five possible locations were proposed.

Since the proposed highway was to be financed in part by federal funds the Nevada Department of Highways was compelled by 23 U.S.C. § 128, as amplified by Policy and Procedure Memorandum 20–8, to consider, *inter alia,* the social, economic and environmental effects of the possible locations. A survey was taken of drivers using the present highway, notice of hearings was given, and the required hearings were held.

Shortly thereafter the Assistant Deputy Highway Engineer recommended selection of the Sunnyside Cutoff. The Department of Highways drew up plans and specifications advertised for bids, and later opened bids. At that time the appellants brought this action for a preliminary injunction enjoining further efforts on this project until proper legal preliminary procedures were followed in choosing the location of the highway.

Appellants' attack on this decision in the lower court and here on appeal is based on their assertion that the Nevada Administrative Procedure Act was not properly followed. Two objections are raised, first, that Policy and Procedure Memorandum 20–8 is a regulation which must be properly filed in accordance with state law, and second, that the decision to locate Highway 38 along the Sunnyside Cutoff was made in disregard of its social, economic and environmental effects.

Appellants' request for a preliminary injunction was denied in the lower court, and from that order this appeal follows. Further proceedings in the contruction of the highway were enjoined pending the determination of this appeal.

Because we are presented here with review of the denial of a preliminary injunction we must determine whether there are serious and doubtful questions of law as to whether the decision to locate Highway 38 was an improper one. Rhodes Co. v. Belleville Co., 32 Nev. 230, 239, 106 P. 561, 118 P. 813 (1910). We hold that the preliminary injunction was properly denied because there are no such serious and doubtful questions of law.

1. If Policy and Procedure Memorandum 20–8 is a "regulation" within NRS 233B.030(6), it must be filed with the

Secretary of State in compliance with NRS 233B.060 and 233B.070 and it must be made available for public inspection under NRS 233B.050. Policy and Procedure Memorandum 20–8 describes in detail certain procedures to be followed in determining the location of highways. Assuming, *arguendo,* that as such this is a regulation because it "describes the organization, procedure or practice requirements" of the Department of Highways (NRS 233B.030(6)), nevertheless it seems apparent that the appellants may not obtain the new hearing they seek because of NRS 233B.050(2).

That section provides for invalidating proceedings followed by an agency under regulations which have not been properly made available to the public. If the persons seeking to invalidate the proceedings had actual knowledge of the regulation, however, they may not obtain relief under this section. That is the situation here. Appellants appeared at the hearing and presented their arguments based on Policy and Procedure Memorandum 20–8. They may not now be heard to say they had no notice of this "regulation."

2. Appellants also urge that the Department of Highways was obligated to adopt regulations such as Policy and Procedure Memorandum 20–8 because of the direction of NRS 233B.040 that it "shall adopt such regulations as are necessary to the proper execution of" the functions assigned to it by law. We note that as such this case presents a situation different from that in Linnecke v. Dept. of Highways, 76 Nev. 26, 348 P.2d 235 (1960), where the plaintiffs sought to use state courts to enforce compliance with a regulation that was solely federal in character. Assuming, *arguendo,* that the Department of Highways was obligated to adopt a regulation such as this, this court is given the power to provide recourse for acts in violation of those regulations only by NRS 233B.140.

That section gives this court a very limited power to remand for further proceedings or to modify or reverse the decision. Since the appellants have already been afforded the necessary hearings we naturally decline to remand for a hearing. Moreover, reversal or modification of the decision does not seem warranted. It does not seem likely that the decision to locate the highway in this location would be found clearly erroneous or arbitrary or capricious. The record indicates that much evidence was heard and that the social, economic and environmental effects were weighed as required by Policy and Procedure Memorandum 20–8.

There do not appear to be serious or doubtful questions of

law such as would warrant the issuance of a preliminary injunction.

Affirmed.

BATJER, MOWBRAY, and THOMPSON, JJ., concur.

GUNDERSON, J., dissenting:

Subsequent to this court's decision in Linnecke v. Department of Highways, 76 Nev. 26, 348, P.2d 235 (1960), our legislature in 1965 adopted the Administrative Procedure Act. NRS 233B.010 et seq. Among other provisions that arguably bear on the issues before us, that enactment unequivocally required respondent to "[a]dopt regulations of practice, setting forth the nature and requirements of all formal and informal procedures available, including a description of all forms and instructions used by the agency." NRS 233B.050(1)(a). Appellants' action was commenced on the assumption that respondent had filed Policy and Procedure Memorandum 20–8 with the Secretary of State in attempted compliance with the Administrative Procedure Act, their complaint being that the rules of practice contemplated by PPM 20–8 had not been satisfied. Attempting to negate the force of this argument, respondent has established that neither PPM 20–8 nor any other rules of practice have ever been adopted by respondent; whereupon, appellants have urged that, this being the case, the Administrative Procedure Act has clearly been violated. To me, the majority opinion does not appear to dispose of what has thus come to be the paramount issue in the case.

It appears from the record that the judge of the lower court was somewhat startled to learn that respondent had never complied with the clear mandate of the Administrative Procedure Act, requiring respondent to adopt rules of practice. While he was ultimately able to countenance this, my consternation is more abiding. Under the Administrative Procedure Act, any citizen interested in supporting or opposing any of the proposed routes had a right to know, prior to the hearings, the ground rules of practice under which they would be conducted. This right was denied, not only to appellants, but to every citizen of White Pine, Nye and Lincoln counties; and, however confident the agents of the State may be that they reached a good result without a validly conducted hearing, a properly conducted hearing might well have enabled them to reach a different and better result.

Inasmuch as respondent admits PPM 20–8 did not constitute rules of practice, I find it unnecessary to discuss in detail the question of whether the provisions of that memorandum were

satisfied. I wish to note, however, that to me appellants' argument that the provisions of PPM 20-8 were not satisfied appeared more sophisticated and persuasive than one might ascertain by reading the majority opinion.