## W. M. FREELEY v. STATE.

No. A-566. Opinion Filed May 26, 1910.

(109 Pac. 239.)

APPEAL — Time — Extension. Snyder's St. sec. 6948, provides that in misdemeanor cases the appeal must be taken within 60 days after judgment, but that the trial court or judge for good cause shown may extend the time 60 days. **Held,** that, where an appeal is not perfected within 60 days from judgment, the record must show a proper order made by the trial court or judge before expiration of the first 60 days extending the time, and where the court, upon judgment rendered October 22, 1909, after allowing 30 days in which to make and serve a case-made, and 5 days thereafter to suggest amendments thereto, granted a 30-day extension, and the case-made was served on December 24, 1909, and without further order was signed and settled on January 4, 1910, but not filed in the Criminal Court of Appeals until January 21, 1910, the appeal will be dismissed.

*Appeal from Comanche County Court; James H. Wolverton,
Judge.*

W. M. Freeley was convicted of violating the prohibition law,
and he appeals.   Dismissed.

*H. S. Davis,* for plaintiff in error.
*Fred S. Caldwell.* for the State.

PER CURIAM.   The plaintiff in error was convicted in
the county court of Comanche county for the crime of unlawfully
having in his possession intoxicating liquors for the purpose and
intent of unlawfully selling the same, and was on the 22d day of
October, 1909, sentenced to be confined in the county jail for a
period of 30 days and to pay a fine of $50 and costs, from which
judgment and sentence an appeal was attempted to be taken by
filing in this court on January 21, 1910, a petition in error with
case-made attached.   On March 29, 1910, on behalf of the state
there was filed a motion to strike case-made and dismiss appeal,
for the reason that this court has no jurisdiction thereof, in that
the judgment from which this appeal was presented was rendered
on the 22d day of November, 1909, and the case-made was not
filed in this court until the 21st day of January, 1910.   To this
motion no response has been filed.

Section 6948, Snyder's Statutes, provides as follows:

"In misdemeanor cases the appeal must be taken within six-
ty days after the judgment is rendered:   Provided, however, that
the trial court or judge may, for good cause shown, extend the
time in which such appeal may be taken not exceeding sixty days."

The record shows that the court allowed the defendant 30
days in which to make and serve a case-made for the Criminal
Court of Appeals, and 5 days thereafter to suggest amendments
thereto, said case to be signed and settled within 5 days' notice
by either party to the other in writing, which order was made a
part of the original judgment.   The record further shows that on
the 22d day of November, 1909, the court made an order granting
an extension of 30 days in which to make and serve a case-made.
The record further shows that the case-made was served on the

24th day of December, 1909, and without further order of the court signed and settled on the 4th day of January, 1910, and not filed in this court until the 21st day of January, 1910.

Where an appeal in a misdemeanor case is not perfected within 60 days from the rendition of the judgment, the record must show a proper order made by the trial court or judge thereof before the expiration of the first 60 days, extending the time in which the appeal may be taken; otherwise, the appeal will be dismissed. That was not done in this case. There is nothing in the record before us to confer upon this court jurisdiction to consider the appeal. The motion to dismiss the appeal must therefore be sustained.

It is therefore ordered that the purported appeal be and the same is hereby dismissed, and the cause remanded to the county court of Comanche county, with direction to enforce the judgment and sentence.