## BEN HUGHES v. STATE.

.No. A-731.   Opinion Filed November 23, 1910.

(111 Pac. 964.)

1.   APPEAL—Oral Notice—Sufficiency. Under section 6949, Snyder's Comp. Laws. requiring notice of appeals to be served upon the clerk of the court and the prosecuting attorney, a written notice is intended; and oral notice, though given in open court in the presence of those officers, and. shown by journal entry, is insufficient.

2.   APPEAL—Time of Taking. The act of 1909 (Snyder's Comp. Laws, sec. 6948), requiring appeals in felony cases to be taken within six months from rendition of judgment, is applicable to an offense committed prior to its passage, where the defendant was not tried until after the act became effective.

3.   APPEAL—Notice—Sufficiency. Notice of appeal given after the expiration of the time provided by statute for taking such appeals is a nullity, and will not confer jurisdiction upon the appellate court.

(Syllabus by the Court.)

*Appeal from District Court, Custer County; James R. Tolbert, Judge.*

Ben Hughes was convicted of grand larceny, and appeals. Dismissed.

*W. J. Knott* and *Le Roy Jones,* for plaintiff in error.
*Smith C. Matson,* Assistant Attorney General, for the State.

FURMAN, PRESIDING JUDGE. The Attorney General files the following motion:

"Comes now the Attorney General and moves your honorable Court to dismiss the appeal of plaintiff in error in the above entitled cause for the reason that notice of appeal was not served upon the clerk of the district court of Custer County, wherein said judgment was entered, within six months allowed by law, as required by sections 6948 and 6949, Compiled Laws of Oklahoma (Snyder)."

The record discloses the fact that judgment in this case was rendered on the 22nd day of July, 1909, and notice of appeal as required by law was served upon the clerk of the district court of Custer County on the 23rd day of February, 1910. The defendant resists the motion to dismiss the appeal on the ground that at the time of the rendition of the judgment in open court oral notice was given that an appeal would be taken to the Criminal Court of Appeals. The sufficiency of such notice was passed upon in the case of *Ensley v. State, infra,* 109 Pac. 252. There the court said:

"Is oral notice sufficient? We think not. It may be laid down as a general proposition, first, that wherever the statute required notice to be served in a legal proceeding, a written notice, capable of legal service, and of proof and return, and capable of being filed, is intended; and especially is that true where service of such notice and proof thereof are matters jurisdictional, as they are in this character of proceeding. *Jenkins v. Wild,* 14 Wend. (N. Y.) 539; *Minard v. Douglas County,* 9 Or. 206; *Rathbun v. Acker,* 18 Barb. (N. Y.) 393."

In the next place, the defendant contends that, when the offense was committed, the statute gave parties convicted of felonies one year's time in which to prosecute an appeal. The statute was amended in 1909, limiting the time for taking an appeal in felony cases to six months. This statute went into effect June, 1909, prior to the date upon which judgment of conviction was pronounced against the defendant. In the case of *Ensley v. State, supra,* Judge Richardson, speaking for the court, said:

"In 1909 the Legislature passed an act requiring appeals in misdemeanor cases to be taken within sixty days after rendition of judgment, unless the trial court for good cause shown should grant an extension of time for that purpose, not exceeding sixty days (section

6949, Snyder's Comp. Laws). Prior to that time a defendant had a year in which to perfect his appeal. The offense of which plaintiff in error was convicted is alleged to have been committed on May 19, 1909. The information was filed on July 17th of that year, trial was had on July 19th, and motions for a new trial and in arrest of judgment were filed, and were overruled on October 3, 1909, on which day the court rendered the judgment appealed from; and it is now contended that inasmuch as the offense was committed, if at all, before this act became effective, plaintiff in error is entitled to a full year in which to appeal, and therefore may yet serve the notices required and thus avoid a dismissal, although the information was not filed, trial had, or judgment rendered until after the act took effect. It is admitted by plaintiff in error that the act in question relates only to the procedure, and is not, therefore, *ex post facto;* but he insists that the right contended for is preserved to him by section 54 of article 5 of our Constitution, which reads as follows: 'The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal effect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute.' Plaintiff in error places his reliance on that portion of the above section relating to 'proceedings begun by virtue of such repealed statute.' But again we are compelled to disagree with him. It would seem to require neither argument nor citation of authorities to show that this prosecution was not a proceeding begun by virtue of the statute, now repealed, granting to a defendant convicted of a misdemeanor a year in which to appeal. What that statute had to do with making criminal the act complained of we are unable to perceive. This prosecution was begun by virtue of the statute making it an offense to sell intoxicating liquor, or to have the same in one's possession with the intent to sell. That was the basis of the action, the statute creating and defining the crime, and that was the statute under and by virtue of which the proceeding was begun and carried on. If, after the prosecution had been instituted, the prohibition law had been repealed, under the constitutional provision quoted the state's right to proceed with the prosecution would not have been affected thereby; but the law prescribing the procedure during the trial or any portion thereof, and the manner and time of taking the appeal, is not within either the letter or the spirit of the section quoted."

We think this is decisive of the question now before us, and, as

the law requiring that appeals in felony cases must be taken within six months from the date of judgment went into effect before the judgment was rendered, notice of appeal must have been given in time in which the appeal could be taken. Motion to dismiss the appeal is therefore sustained.

DOYLE and RICHARDSON, JUDGES, concur.