## W. E. AULT v. STATE.

No. A-350.   Opinion Filed April 18, 1911.

(115 Pac. 128.)

1.   **APPEAL—Time for Perfecting.** Under section 6948 of Snyder's Comp. Laws 1909, where an appeal in a misdemeanor case is not perfected within 60 days after the rendition of judgment therein, the record must show a proper order of the trial court or judge, made before the expiration of said 60 days, extending the time within which the appeal may be taken, else the appeal must be dismissed.

2.   **CONSTITUTIONAL LAW—Retroactive Law—Appellate Procedure.** The act requiring appeals in misdemeanor cases to be taken within 60 days after rendition of judgment is applicable to offenses committed prior to its passage, where the defendant is not tried until after the act became effective.

(Syllabus by the Court.)

*Appeal from Rogers County Court; Archibald Bonds, Judge.*

W. E. Ault was convicted of violating the prohibitory law, and he appeals.   Dismissed, with directions.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE.   This is an attempted appeal by a transcript of the record.   Section 6948 of Snyder's Comp. Laws Okla. 1909, is as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered:   Provided, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

This statute took effect on the 11th day of June, 1909.   The information in this case charged the commission of the offense on the 11th day of March, 1909, but the defendant was not tried until the 15th day of July, 1909, which was more than a month

after the above statute went into effect. The statute requiring appeals relates only to procedure, and is not therefore *ex post facto,* and is applicable to and controls appeals in all cases where the trial occurred after the law went into effect. *Ensley v. State,* 4 Okla. Cr. 49, 109 Pac. 250; *Hughes v. State,* 4 Okla. Cr. 333, 111 Pac. 964.

In the case at bar judgment was rendered against the appellant on the 17th day of July, 1909, and the record fails to show that any order was made by the county court extending the 60 days within which the statute required that an appeal be taken. The appeal was not filed in this court, and therefore perfected, until the 9th day of October, 1909, which was long after the time allowed by the statute for perfecting the appeal had expired. We are therefore without jurisdiction to consider this appeal, and it must be dismissed. See *Simmons v. State,* 4 Okla. Cr. 10, 109 Pac. 79; *Freely v. State,* 4 Okla. Cr. 21, 109 Pac. 239; *Scott v. State,* 4 Okla. Cr. 657, 112 Pac. 763; *James Farmer v. State, ante,* 114 Pac. 753, decided at the last term of this court. We must therefore sustain the motion of the Assistant Attorney General.

'This appeal is dismissed, with directions to the county court of Rogers county to proceed with the execution of its judgment.

ARMSTRONG and DOYLE, JUDGES, concur.