## HOWARD SHELL v. STATE.

No. A-3730.   Opinion Filed March 25, 1922.
(205 Pac. 192.)

(Syllabus.)

1   **Appeal and Error—Lack of Jurisdiction in Absence of Service of Notices of Appeal or Summons in Error.** Where no notices of appeal are served as provided by section 5992, Rev. Laws 1910, nor summons in error issued and served or waiver thereof by the Attorney General, as provided in section 5997, and no general appearance is entered by said officer within six months after the rendition of the judgment in the trial court, this court does not acquire jurisdiction of an appeal in a felony case, and the same will be dismissed.

2.   **Same—Necessity for Perfecting Appeal Within Six Months in Felony Cases.** Any service of notice of appeal or summons in error or appearances entered by the Attorney General after the six-month period has expired is a nullity. All steps necessary to perfecting the appeal in a felony case must be taken within six months after the rendition of the judgment.

Appeal from District Court, Oklahoma County; James I. Phelps, Judge.

Howard Shell was convicted of receiving stolen property, and he appeals. Appeal dismissed.

Pruiett, Sniggs, Patterson & Morris, J. J. Mitchell, and H. A. Wilkinson, for plaintiff in error.

The Attorney General and E. L. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. Howard Shell was convicted in the district court of Oklahoma county of the crime of receiving stolen property, and punishment assessed as above stated. He has attempted appeal to this court from the judgment of conviction rendered against him in said trial court, but upon examination of the record we are of opinion that this court has never acquired jurisdiction of said appeal for the following reasons:

(1) No notices of appeal were ever served upon the court clerk or the county attorney as provided in section 5992, Revised Laws 1910, within the period allowed for taking an appeal in felony cases to this court.

(2) No summons in error was ever issued and served upon the Attorney General, nor any waiver of the issuance and service of such a summons ever made by said officer, or any general appearance entered by him, as provided in section 5997, Revised Laws 1910, within the time allowed by law for taking an appeal in felony cases. The appellant gave oral notice of this appeal in the trial court, but such notice is insufficient. Burgess v. State, 18 Okla. Cr. 574, 197 Pac. 173.

There is also found with the papers in this case what purports to be a waiver of the issuance of summons in error and the entering of an appearance by the Attorney General. This paper, however, is undated, and was never filed in this court until October 26, 1920, long after the six-month period after the rendition of judgment, and it must affirmatively appear from the record in felony cases, either that notices of appeal were issued and served within six months after the rendition of a felony judgment or summons in error was issued or served upon the Attorney General, or the waiver of said issuance

and service or general appearance entered by said officer within said period. Any service of notices or agreements entered into between attorneys after the expiration of the statutory period for taking an appeal do not have the effect of lodging jurisdiction of the appeal in this court. All steps necessary to perfecting the appeal in a felony case must be taken within six months after the rendition of the judgment in the trial court. Hughes v. State, 4 Okla. Cr. 333, 111 Pac. 964.