## BERT LUTHER v. STATE.

No. A-10388.   May 2, 1945.
(158 P. 2d 481.)

Perry Porter, of Miami, for plaintiff in error.

Randell S. Cobb, Atty. Gen., E. J. Broaddus, Asst. Atty. Gen., and Charles C. Chesnut, Co. Atty., of Miami, for defendant in error.

BAREFOOT, P. J. Defendant Bert Luther, was charged in the county court of Ottawa county with the crime of unlawful possession of intoxicating liquor, ·to-wit:

"One 8-ounce bottle of whisky, two 8-ounce bottles of whisky with approximately 10 ounces in the two bottles, ' one 8-ounce bottle of whisky approximately half full, and one 16-ounce bottle of whisky."

He was tried, convicted and sentenced to pay a fine of $500, and to serve 90 days in the county jail. From this sentence and judgment he has appealed.

As grounds for reversal defendant sets out ten as-signments of error, and discusses them under three prop-ositions. The first proposition is especially directed at the refusal of the trial court to sustain the motion to sup-press the evidence obtained by reason of the search war-rant issued.

The second proposition is:

"(a) Error of the court in assisting the prosecution of said defendant by questioning the various witnesses for the state, which acts on the part of the trial court were highly prejudicial to the rights of this defendant.

"(b) Error of the trial court in instructing the county attorney in the presence of the jury, to take the state's

witnesses out of the courtroom and attempt to get said witnesses to identify the liquor in question."

The third proposition is:

"That the punishment fixed is excessive under the evidence in said cause and on its face shows that the verdict was returned in a prejudicial and biased manner."

On May 14, 1942, Al Maness, chief of police of the city of Picher, Ottawa county, Oklahoma, procured a search warrant after filing an affidavit therefor in the office of Hattie Weaver, justice of the peace. This search warrant was for the purpose of searching the "Schlitz Bar," a place of public resort operated by the defendant, Bert Luther, at 323 South Main street, in the city of Picher, the place being minutely described in both the affidavit and search warrant.

It is contended that the search warrant was issued upon an affidavit based upon information and belief, and that it was not based upon facts personally known to the officer who signed the affidavit; it being contended that it falls within the rule announced by this court in the case of Yeargain v. State, 67 Okla. Cr. 262, 93 P. 2d 1104, 1105, appealed from Ottawa county.

The affidavit and search warrant are very lengthy and we do not consider it necessary to quote them. In defendant's brief it is admitted that the wording in the affidavit in the instant case has been changed from that appearing in the Yeargain case. Counsel states:

"In other words, at the beginning of the search warrant in the Yeargain case (omitting the caption) reads as follows: 'Roy Denman, of lawful age, being first duly sworn, on his oath, deposes and says: "That he has probable cause to believe and does believe that intoxicating liquors are being unlawfully kept, stored and concealed

upon the following described premises, to wit:" ' and in the instant case the beginning of the search warrant, (omitting the caption) reads as follows: 'Al Maness, of lawful age, being first duly sworn, on his oath, deposes and says: That intoxicating liquors are being unlawfully kept, and stored and concealed upon the following described premises, to wit:' "

It will thus be noted that the statement in the affidavit in the instant case is positive in its terms. That part of the affidavit which stated that it was upon information and belief has been eliminated and the positive statement of the maker of the affidavit, who was the chief of police of the city of Picher, is based upon a positive statement. Immediately following this positive statement six paragraphs are stated in the affidavit, as follows:

"1.   That the said premises and buildings thereon is a place of public resort.

"2.   That numerous persons frequent said place for the purpose of purchasing intoxicating liquor.

"3.   That persons have recently been seen coming from said premises in an intoxicated and drunken condition.

"4.   That divers persons who use intoxicating liquors to excess habitually frequent said place.

"5.   That said place has a reputation in the community in which it is located as being a place where intoxicating liquors is sold.

"6.   That said premises has a reputation in the community in which it is located as being a place where intoxicating liquor in large quantities is unlawfully kept and stored for the purpose of being bartered, sold, given away and otherwise dispensed to those who frequent said place."

Paragraph No. 7 following those above quoted is the same as in the Yeargain Case, and the statement is made,

"that this affiant has been told by reliable persons" and we held that this statement had reference to the above-quoted sections. This statement was made because of the statement in the affidavit in the Yeargain Case, "that he has probable cause to believe and does believe," which was before the six statements were made as above quoted.

This case comes within the rule announced in the case of Wagner v. State, 72 Okla. Cr. 393, 117 P. 2d 162, 168, where it is stated:

"If a public officer makes a sworn affidavit that a place which is particularly described and the name of the owner of the place of business or of the residence is a place of public resort and that intoxicating liquor is stored on said premises and that liquor is being sold on said premises in violation of law, and that people congregate at said described place for the purpose of drinking and consuming liquors or purchasing the same in violation of law, and that the premises have the reputation of being such a place as above outlined, and that the named party has the reputation in the community in which he resides as being a person who deals in the unlawful sale of intoxicating liquor, we cannot see why it would be error for the magistrate to issue the search warrant upon the filing of such positive affidavit by the officer. We fail to see how it can be argued that these statements are made upon the information and belief because in the first paragraph of the affidavit it is stated that the party making the same 'has reason to believe and does believe.' The very facts which he states in the subsequent paragraph are such that give him the right to so believe. If these statements are untrue, he may be held accountable in the manner provided by law. In other words, a search warrant based upon a positive affidavit by one who knows the facts and by reason of his position and experience has a right to know the facts should not be set aside and held illegal upon a mere technicality and surmise that he does not know the facts which he states in the affidavit as true. This court has often held that where the statement made

in the affidavit for search warrant is positive in its terms one will not be permitted in the trial of the case to contest the truth of its terms. . . .

"We are in perfect harmony with the law and statement that a search warrant based upon an affidavit or complaint made on information and belief and without stating facts showing probable cause is illegal, but each search warrant and the affidavit or complaint upon which it is based is to be judged upon its own merits and contents, and where the affidavit or complaint states positive facts and by a person who, by reason of his position or experience, has a right to know that those facts exist, the warrant should not be set aside under these conditions, upon the ground that the facts stated therein were made upon information and belief. In other words, each search warrant and each affidavit or complaint should be judged upon its own merits, and the court should pass upon the merits of the same either before the trial on a motion to suppress the evidence obtained thereon, which is the best practice, or when the matter is properly raised during the trial of the case. . . ."

It will be noted that the affidavit made here was by the chief of police of Picher, and the building to be searched was a public place in that city. He had a right by reason of his position to have knowledge of the facts as alleged in his affidavit. We find no error in the court refusing to sustain the motion to suppress the evidence offered in this case.

The third and fourth assignments of error may be considered together.

To support the contention of defendant, it is pointed out that the court by asking many questions and instructing the county attorney as to the manner of procedure, that such action was prejudicial to the defendant.

We have carefully read the record, and it is unnec-

essary to quote fully the many instances in which the court questioned the witnesses and gave instructions as to the procedure to be followed by the county attorney. We have noted his instructions to the county attorney as to the manner and mode of identifying the liquor which was found at the time of the search of defendant's premises. We are of the opinion that the attitude of the court was such as to cause the jury to inflict a more severe punishment in this case than it would otherwise, and to this extent was prejudicial.

From a reading of the record, there can be no question but that the defendant was engaged in selling liquor by the drink at his premises. Some of the liquor was found behind the "bar" in bottles that were partly empty, some in buckets near the bar, and some on the persons of parties who were in the place at the time of the search. From all the facts and circumstances the jury was justified in arriving at the conclusion that whisky was not only being sold by the drink, but by the bottle also. The defendant did not take the witness stand and it was therefore not shown whether he had been previously convicted of a violation of the prohibition law. Counsel in his brief states that he had not. We have often held that the trial court has the right to question witnesses, especially for the purpose of bringing out some material point for the consideration of the jury, but we have stated that it is not the best practice and that the court should be very careful in questioning witnesses. The court should so conduct the trial that the jury would be impressed with his absolute fairness to both sides, and not conclude that the court was interested on the side of either the state or the defendant.

In the recent case of Stacey v. State, 79 Okla. Cr. 417, 155 P. 2d 736, 737, we gave a very full statement with

reference to the action of the court in the trial of cases and the asking of questions of witnesses. In the ninth and tenth paragraphs of the syllabus, we said:

"The trial court should be very careful to refrain from saying anything which might convey to the jury the impression that the court had its opinion as to the guilt or innocence of the defendant or as to the credibility of a witness.

"Where it is contended that trial court continually interrupted the examination of witness by counsel for defendant with statements which prejudiced the defendant, the entire record will be considered to determine whether the statements complained of were so grossly improper as to prevent the accused from having a fair trial."

For the reasons above stated, we are of the opinion that the judgment and sentence should be reduced from a fine of $500 and 90 days in jail, to a fine of $250 and 45 days in jail.

As so modified, the judgment and sentence of the county court of Ottawa county is affirmed.

JONES, J., concurs. DOYLE, J., not participating.