**Tommy Leroy SMITH, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16542.**

Court of Criminal Appeals of Oklahoma.

June 23, 1971.

Thomas G. Hanlon, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Ted Flanagan, Asst. Dist. Atty., Tulsa County, for defendant in error.

BUSSEY, Presiding Judge:

■ Tommy Leroy Smith, hereinafter referred to as defendant, perfected an appeal from the findings of fact and conclusions of law entered after a complete evidentiary hearing in the District Court of Tulsa County wherein the Honorable Robert Green, after consideration of all the evidence, declined to grant post conviction relief. From the record it appears that the defendant is currently incarcerated under a judgment and sentence entered in Tulsa County District Court Case No. 20998 for the crime of Robbery with Firearms.

The trial court entered detailed Findings of Fact and Conclusions of Law, which amply support his findings that post conviction relief should not be granted.

We have examined the record and find that the evidence overwhelmingly supports the Findings of Fact and that the trial judge correctly applied Conclusions of Law, and we hereby commend Judge Green for the diligent manner in which he conducted the post conviction proceedings and adopt his Findings of Fact and Conclusions of Law, based upon the Response filed by the District Attorney.

We deem it unnecessary to recite the Findings of Fact and Conclusions of Law, but attach hereto a zeroxed copy of the Findings of Fact and Conclusions of Law which are incorporated by reference [see Appendix].

The trial court's Findings of Fact and Conclusions of Law and denial of post conviction relief are affirmed.

BRETT, J., concurs.

## APPENDIX

### IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
### STATE OF OKLAHOMA

STATE OF OKLAHOMA,
　　　　　　　Petitioner,

　　　vs.

TOMMY LEROY SMITH,
　　　　　　　Defendant.

Case No. 20998

ORDER DENYING POST-CONVICTION RELIEF

I

This matter comes on to be heard on the Application of the defendant Tommy Leroy Smith for Post-Conviction Relief and the Response to said Application filed by the State of Oklahoma.

The defendant, appearing by his attorney Thomas G. Hanlon, and the State by Assistant District Attorney Ted Flanagan. The Court proceeded to examine the files in the case and the Application and Re-

sponse, and after hearing the argument of counsel and being fully informed in the premises, makes the following findings of fact;

### THE COURT FINDS:

1. The defendant was charged by Information with the commission of Robbery with Firearm on December 8, 1963. He was tried to a jury before Judge W. Lee Johnson, found guilty, and sentenced in accordance with the jury's verdict on February 16, 1965, to serve an indeterminate sentence of 10 to 50 years.

2. The defendant appealed from the judgment and sentence to the Court of Criminal Appeals, which Court on August 31, 1966, modified the sentence to a term of 10 to 25 years and as modified affirmed the conviction (A–13685). That thereafter on September 13, 1966, in compliance with the provision of Title 57, Section 353 (Laws 1963) the Court further modified the sentence to a term of from 8 to 24 years. On September 13, 1967, the Court on rehearing entered an opinion that the judgment and sentence should be affirmed as modified and ordered its mandate issued forthwith.

3. That thereafter, the defendant applied to Judge W. Lee Johnson, the trial judge, for a suspended sentence, which after a hearing on December 27, 1967, at which hearing the defendant was personally present and represented by counsel, said application was denied.

4. That at all stages of the foregoing proceedings, the defendant was represented by privately retained counsel of his choice, Mr. John Ward, Jr. and Mr. Robert G. Brown, whom this Court knows were able, competent and qualified lawyers, well versed in matters of criminal law.

5. That on February 5, 1971, the defendant, by his present counsel Thomas G. Hanlon, filed an Application for Post-Conviction Relief alleging that the defendant's constitutional rights under Article 2, Section 15 of the Oklahoma Constitution and under the 14th Amendment of the United States Constitution were violated because the defendant was convicted under the indeterminate sentence law for a crime committed on December 8, 1963, and that said indeterminate sentence law did not become effective until January 1, 1964, which the defendant contends is an unlawful Application of an ex post facto law. That on February 25, 1971, the State of Oklahoma, by its District Attorney, filed a Response and Answer to said Application. That the matter was heard by this Court on March 3, 1971, counsel for both the defendant and the State being present.

### THE COURT CONCLUDES AS A MATTER OF LAW:

1. That under the definition of ex post facto laws set out by the United States Supreme Court, to-wit:

(1.) Every law that makes an act done before the passing of the law, and which was innocent when done, criminal;

(2.) Every law that aggravates a crime, or makes it greater than it was when committed;

(3.) Every law that changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed;

(4.) Every law that alters the legal rules of evidence and requires less or different testimony than the law required at the time of the commission of the offense, in order to convict, Calder v. Bull, 3 Dall. 386, 1 L.Ed. 648

that the Indeterminate Sentence Act is not an ex post facto law as applied to the defendant. That the Act is procedural only, that it does not create a crime nor aggravate the definition of crime. It does not change the punishment for the crime of Robbery with Firearms nor does it affect the rules of evidence.

The Title of said Act (57 OSA 353) expressly states that it is:

"An act relating to criminal procedure, providing for indeterminate sentence by fixing eligibility for parole at time of sentence and providing juries may assess

term of confinement within the limits of the law . . ." Emergency. Effective May 21, 1963. The section provides: ". . . the Court . . may fix a minimum and a maximum term, both of which shall be within the limits now or hereafter provided by law as the penalty for conviction of the offense."

Section 354 provides: ". . . When the prisoner has served the minimum sentence imposed . . . the Pardon and Parole Board shall hear the prisoner's application for parole."

Section 356 provides: "This act shall become effective *for all punishments imposed* after January 1, 1964."

The Court notes that Section 356 makes provision for "all punishments imposed" and not "for all crimes committed" after January 1, 1964.

THE COURT FURTHER FINDS AS A MATTER OF LAW that it is well established in Oklahoma:

"A statute which relates only to procedure is not ex post facto and is applicable and controls in all cases where the trial occurred after the law went into effect" Ault v. State, 5 Okl.Cr. 360, 115 P. 128.

In considering another procedural statute, the Court of Criminal Appeals stated:

"The prohibition of ex post facto legislation is limited to those laws which pertain to the substantive criminal law, such that their retroactive application increases the punishment for a crime or detrimentally changes the essential elements of a crime." Paul v. State, Okl.Cr. A–15277, 1–6–71; v. 42 OBJ p. 53.

THIS COURT THEREFORE CONCLUDES AS A MATTER OF LAW that the application of the procedural Indeterminate Sentence Act to the defendant in this case was not the application of an ex post facto law and did not violate the defendant's constitutional rights under Article 2, Section 15 of the Oklahoma Constitution nor under the Fourteenth Amendment to the United States Constitution.

It is THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the Application of the defendant Tommy Leroy Smith, for Post-Conviction Relief, be, and the same hereby is denied.

Done in open Court this 2nd day of March, 1971.

(s) Robert Green,
District Judge