Lewis CARSON, Petitioner,

v.

Ray H. PAGE, Warden, and District Court of Pittsburg County, Respondents.

No. A–16755.

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1971.

**380**

Lewis Carson, pro se.

Larry Derryberry, Atty. Gen., for respondents.

BUSSEY, Presiding Judge.

Lewis Carson, hereinafter referred to as Petitioner, has filed an instrument with this Court entitled "Motion to Dismiss or to Amend," which we will treat as an appeal from denial of post conviction relief. From the record it appears that the Petitioner is currently incarcerated under a judgment and sentence entered in Pittsburg County Case No. F–71–36 for the offense of Escape.

The trial court entered detailed Findings of Fact and Conclusions of Law, which amply support his findings that post conviction relief should not be granted.

We have examined the Order Denying Application for Post-Conviction Relief and find that the trial judge correctly applied conclusions of law, and we hereby commend Judge Ervin for the diligent manner in which he conducted the post conviction proceedings and adopt his Findings of Fact and Conclusions of Law.

Although the order denying post conviction relief was issued on the 14th day of April, 1971, and the Petitioner is long out of time in filing an appeal from denial of post conviction relief (which should have been filed on or before the 14th day of May, 1971), since Petitioner entitled his instrument "Motion to Dismiss or to Amend," and since he raised the same issues as were raised in his application for post conviction relief in the trial court, we append hereto a copy of the order of Judge Ervin, which is incorporated by reference.

The trial court's Findings of Fact and Conclusions of Law and denial of post conviction relief are affirmed.

BRETT and NIX, JJ., concur.

APPENDIX

## IN THE DISTRICT COURT IN AND FOR PITTSBURG COUNTY, STATE OF OKLAHOMA

LEWIS LEE CARSON #80192 ------------- Petitioner

vs.                                                                  C–71–149

THE STATE OF OKLAHOMA and

RAY H. PAGE, WARDEN ----------------- Respondents

---

## ORDER DENYING APPLICATION FOR POST-CONVICTION RELIEF

NOW on this 14th day of April, 1971, the same being a judicial day of said Court, this cause comes on for summary hearing on the application for post-conviction relief of Lewis Lee Carson #80192 wherein he alleges that he is presently incarcerated in the Oklahoma State Penitentiary. That he was previously convicted for the offense of Escape in the District Court of Pittsburg County in Case No. F–71–36, and sentenced to two years in the custody of the Department of Corrections. That said sentence was rendered upon his plea of guilty.

Further, petitioner alleges two grounds for relief.

1. That he was not taken before a magistrate within twenty-four hours after his arrest.

2. That he was not advised by the arresting officers of his right to remain silent or that anything he might say

would be used against him in a Court of law.

This Court finds after reviewing the pleadings and the record and being fully advised in the premises that:

(1) The state filed an information in Case No. F–70–136 on May 12, 1970, charging the offense of Escape alleged to have occurred on the same day.

(2) The petitioner made his initial appearance before Special Judge Basil Null of the District Court, Pittsburg County, on May 13, 1970, at which time the Court appointed competent counsel to represent him in this matter.

(3) That on July 15, 1970, petitioner entered his plea of guilty to the District Court of Pittsburg County.

(4) That on July 15, 1970, there was filed in this case a document denominated, "Summary of Facts," which was executed by petitioner and shows that after full deliberation with his appointed counsel he entered his plea of guilty to the offense charged of his own free will and for the sole reason that he did do the acts as alleged in the information.

The Court concludes:

*First:*

That ground No. 1 as set forth by petitioner stating that he was not taken before a Judge within twenty-four hours, is without merit for the reason that the laws of the State of Oklahoma do not require the taking of a defendant before a magistrate within a specified number of hours, but rather that he be taken before a magistrate after arrest without undue delay; and that the petitioner was arraigned before the committing magistrate on the day following the offense, and that said arraignment was done within a reasonable time and without undue delay.

*Second:*

That ground No. 2 set forth by petitioner that he was not advised of his rights against self-incrimination is without merit in that nothing appears from the record that a confession was ever taken from petitioner or introduced into Court in these proceedings, but that the finding of guilt was made upon his plea of guilty entered in open Court of his own free will and for the sole reason that he did do the acts alleged as reflected by the Summary of Facts executed by him after full deliberation with his attorney.

It is therefore, ordered, adjudged and decreed by the Court that the application of petitioner be and is hereby denied.

WILLIAM J. ERVIN, Associate District Judge.