John George WINNINGHAM, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-15876.

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1971.

Curtis A. Parks, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., Robert H. Mitchell, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

John George Winningham, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the offense of Assault with a Dangerous Weapon, After Former Conviction of a Felony. His punishment was fixed at five years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that the victim, Harrell Chamblee, had previously been employed by the defendant and co-defendant Paul. He received a $300 advance from the defendant. Chamblee worked one day and made one sale for the defendants for which he was entitled to a $200 commission. He testified that on May 9, 1970, the defendant and co-defendant Paul came to his office and demanded payment of the $300. They had a discussion which resulted in Chamblee's refusing to pay them directly. The two defendants returned to the office later that day with the third defendant, Curlee. They again demanded payment of the money, and upon being refused, the defendant removed a concealed shotgun from a pair of pants the defendant, Paul was carrying on a hanger. Defendant pointed the weapon at Chamblee and threatened to kill him if he did not pay the money. Chamblee was poked in the stomach and struck about the head and body with the shotgun. He offered to go to his home to obtain a check to pay the money and was allowed to do so, accompanied by defendant Curlee. They returned to the office and Chamblee wrote a $300 check, but advised that he did not have the money to cover it. Defendant, upon leaving, said if the check was not good he would come back and kill him.

William Nathan and Jack Willman testified that they were present in Chamblee's

office when the defendants arrived and corroborated the testimony of Chamblee. They further testified that while Chamblee had gone to obtain the check, the defendant Paul discharged the gun, striking the wall of the office. Janice Pauley, a secretary, verified the defendants' presence at the scene and heard the scuffle and the gun shot. Officer Hunt testified concerning removing a slug fragment from the wall of the office. The defendants did not testify, nor offer any evidence.

The defendant's first two propositions of error contend that the trial court erred in refusing his Motion for Severance. The record reveals that on June 19, 1968, the trial court granted a Motion for Severance, and that on September 12th an amended Information was filed and the trial court denied the severance. The trial court again, on the day of trial, overruled a contained Motion for Severance. The defendant argues that his request for severance was denied under authority of 22 O.S.Supp.1969, §§ 438 and 439, which in effect was an *ex post facto* application of those sections. Both sections became effective on August 2, 1968, and provide as follows:

[Section 438] "The court may order two or more indictments or informations or both to be tried together if the offenses and the defendants, if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution was under such single indictment or information."

[Section 439] "If it appears that a defendant or the State is prejudiced by joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide whatever other relief justice requires."

■ We are of the opinion that these Sections are procedure statutes relating to the form in which a criminal information may be filed and tried. These Sections merely state that persons that commit the same criminal act may be tried together, absent a showing of prejudice. They do not increase the punishment, nor do they change the elements of proof of the offense.

The prohibition of *ex post facto* legislation is limited to those laws which pertain to the substantive criminal law such that their retroactive application increases the punishment for a crime or detrimentally changes the essential elements of a crime. This Court, in the early case of Ault v. State, 5 Okl.Cr. 360, 115 P. 128, stated:

"The statute requiring appeals relates only to procedure, and is not therefore ex post facto, and is applicable to and controls appeals in all cases where the trial occurred after the law went into effect."

We further note that the record does not reveal that the defendant presented evidence or argument to the trial court to show how he would be prejudiced by the joinder of defendants. We, therefore, find these propositions to be without merit.

■ The defendant's next proposition alleges that the trial court erred in instructing the reporter not to take proceedings and in making prejudicial remarks. The conduct of the trial court of which the defendant complains occurred during a recess, prior to the reading of the Instructions. The record reveals the following transpired (CM 153a–153c):

"THE COURT: Let the record show that this is being held out of the presence of the jury but in the presence of the defendants. And that we closed this case yesterday after all motions and objections to everything had been made. Now, counsel wants to make an additional objection.

MR. GUDGEL: Let the record reflect that yesterday afternoon between the hours of 2 and 3 o'clock while the Judge was still in the courtroom, this attorney, the attorney for Paul, approached the bench and requested permission to make

a record. At this time the Judge stated that the record could be made but he was leaving the courtroom. Then he directed the reporter not to take any of the comments of this defendant's attorney. He also spoke while the larger portion of the jury was in the room and made the following statements: 'I am not going to hear any more. You make the same motions two or three times. This case has been closed for a long time.' This was said while several of the jurors were in the room. Some of the jurors stopped and turned around and listened to the Court. There were several attorneys present in the room as well as the prosecutor and several other assistant prosecutors from their office. For the reason this defendant fears that the remarks of the Court could be considered as a rebuke and criticism of defendant Paul's attorney, this counsel feels that the Court's admonition to the jury would be insufficient to remove the error that is in the jurors' minds. At this time, the defendant Paul moves for a mistrial.

MR. FRANKSEIN: I want to say, as the representative of the District Attorney's office, that Mr. Gudgel did walk up to the bar asking to make an additional motion. Also present at the bar was Assistant District Attorney Ronnie Shaffer and myself. During this time the statements were made by the court and as the jury was leaving the courtroom, all of the attorneys were standing at the bar and in my honest opinion, if any of the jurors turned and saw what was going on, the jurors did not know who was being rebuked, either the Assistant District Attorneys or the attorney for the defendant. Therefore I feel his motion for a mistrial should not be granted.

THE COURT: Anything else?

MR. GUDGEL: Let the record reflect that I was the first attorney at the bar and I was standing by myself at the time Judge was leaving and talking. In addition to this, let the record reflect that we have not had an opportunity to settle the instructions. They have submitted requested instructions one through 27 and I do not know which instructions are to be given and which ones are to be refused.

THE COURT: We will go into that.

MR. TANNER: Defendant Winningham would adopt the same motion that has been made on behalf of the Defendant Paul.

MR. WARD: I will adopt it on behalf of Defendant Curlee.

THE COURT: Let the motion be overruled. I do not agree with the statement of the facts made by counsel. I do not believe the jury heard anything whatsoever. I do not think they could have told what was going on. The case was ended and I got up to come back in chambers to prepare instructions. He had jumped up and came up four or five times wanting to make an additional record. That's it."

This Court will not speculate as to what parts of the dialogue between the court and the attorneys that the jury actually heard. This Court has consistently held that trial courts must be very careful to refrain from saying anything which might convey to the jury the impression of its opinion as to the guilt or innocence of the defendant or as to the credibility of a witness. Richmond v. State, Okl.Cr., 456 P.2d 897; Luther v. State, 80 Okl.Cr. 252, 158 P.2d 481.

We are of the opinion that the trial court's actions did not, in any way, reflect his opinion as to the guilt of the defendant, or his opinion as to the credibility of a witness. A trial court has the inherent right to call recesses at such times as he deems appropriate. We further note that the court specifically admonished the jury to disregard any conversation between the court and the attorneys following the reading of the Instructions. We, therefore, find this proposition to be without merit.

■ The final proposition states that the court erred in overruling motions for mistrial. Defendant contends that the prosecuting attorney referred to the defendants as the "goons" in his closing argument, which prejudiced the jury. The record does not reveal that the defendant objected to the alleged improper remarks. In Kidd v. State, 97 Okl.Cr. 415, 266 P.2d 992, we stated in the seventh paragraph of the Syllabus:

"Where the argument of the prosecution is taken down by the reporter and reflected in the casemade, and on appeal it is claimed that certain excerpts therefrom constituted improper argument on the part of the county attorney, but such remarks were not objected to at trial and the court afforded an opportunity of ruling on such objections, and where a careful reading of the statements convinces this court that same did not amount to fundamental error; held, the objections after trial, came too late."

We, therefore, find this proposition to be without merit. The record is free of any error which would require reversal or justify modification. The judgment and sentence is accordingly affirmed.

BRETT, J., concurs in result.

NIX, J., not participating.