Freeman **WESLEY,** Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. A–16735.

Court of Criminal Appeals of Oklahoma.

Jan. 17, 1973.

Charles E. Grounds, Seminole, for appellant.

Larry Derryberry, Atty. Gen., Paul Crowe, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Freeman Wesley, appeals from an order denying post conviction re-

lief in the District Court of Seminole County, Oklahoma in Case Numbers 1711 and 1712, wherein the trial court, after having imposed judgments and sentences of life imprisonment on November 29, 1952, following pleas of guilty on two charges of murder, conducted a series of evidentiary hearings pursuant to Appellant's application for post conviction relief, and thereafter, after having made certain findings of fact and conclusions of law, denied said application in an order entered February 12, 1971.

█ Appellant, an indigent represented by court-appointed counsel in the post conviction proceedings and on appeal, while he gave timely notice of intention to appeal the court's order, did not timely file his Petition-in-Error. In fact, the Petition-in-Error is some three months out of time; however, inasmuch as no motion to dismiss appears of record, and the Appellant has previously made no attempt to have the substantive aspects of the conviction reviewed, this Court will treat the issues raised on the appeal from the denial of post conviction relief.

Appellant's prayer for relief is bottomed primarily on his contention that he is an illiterate, full-blood Seminole Indian, educated to the level of the fourth grade, and who is unable to fully understand and communicate in the English language. He contends that by virtue of his inability to understand and communicate that his pleas of guilty could not have been intelligently and voluntarily entered, and that by virtue of the fact the court failed to provide him with an interpreter that error was committed sufficient to require reversal of his convictions.

On receipt of Appellant's application, the court appointed Charles Grounds, an attorney with 30 years of experience, and himself a half-blood Seminole Indian, capable of communicating with the Appellant in his own language. Thereafter, in the five-month period between September, 1970 and February, 1971, a series of four evidentiary hearings were held in the instant case covering some 120 pages of transcribed testimony with regard to Appellant's contentions.

At the conclusion of those hearings, Associate District Judge Frank H. Seay made the following findings of fact and conclusions of law:

"The court finds that the four separate hearings were held over a period of five months, at which evidence was heard by the court concerning the allegations of petitioner's petition and other allegations propounded by appointed counsel, and based upon this evidence the court is of the opinion that at the time the defendant entered his plea of guilty with competent legal counsel he knowingly, freely and voluntarily entered said plea with the full and complete consequences of such plea."

The court then ordered the Petitioner returned to the state penitentiary to serve the remainder of his sentence.

During the course of the hearings a dozen witnesses testified. The witnesses included the Appellant, himself, on two occasions; the Seminole County Court Clerk, concerning the records of the original trial; Walter Billingsley, the attorney who represented the Appellant at the time of the plea; Judge Bob Aubrey, the judge who accepted the plea and sentenced the Appellant; Seminole County Sheriff John Sowers; Mrs. Emma Lou Coley, a relative of the Appellant by marriage; Mrs. Jennie Kinney, an acquaintance of the Appellant who acted as an interpreter in the county jail during a conversation between Billingsley and the Appellant; Harry Kernal, who was sworn by the court to act as an interpreter at the October 29, 1970 evidentiary hearing; Winnie Brown, another acquaintance of the Appellant who accompanied the Appellant's uncle at the time Billingsley was hired and the Appellant was visited in jail; Abbie Coachman, another Indian acquaintance of the Appellant whose mother raised the Appellant; Alfred Deere, who at the time the Appellant was sentenced was sometimes used as

an official Indian interpreter by the Seminole County District Court, and Charles Grounds, Appellant's attorney. At the conclusion of the two longest evidentiary hearings, during which Mrs. Coley and Mr. Kernal were appointed by the court to assist defense counsel as interpreters, Judge Seay granted continuances and directed preparation of transcripts of the proceedings and directed that those transcripts be made available to Mr. Grounds so that he and Mrs. Coley and Mr. Kernal could go over the transcript question-by-question and answer-by-answer with the Appellant to make certain that the Appellant understood the questions that were asked and the answers that were given. The court further instructed the Appellant's attorney that if the answers and questions were not understood or that Appellant disagreed with the answers that those items were to be brought to the court's attention so that they might be corrected.

The record reflects that in this particular case the court went to great lengths to make certain Appellant was afforded a complete and full hearing with regard to his contentions, that he was given an opportunity to examine virtually every available witness, and permitted to exhaust all apparent open avenues towards bringing all available testimony before the court concerning his contentions. There can be no question but that the extreme latitude granted by the court in this case speaks well of the court's effort to allow the Appellant a full and ample opportunity to present his case.

A close reading of the extensive record in this case clearly reveals that the court below not only had ample testimony upon which to base its findings of fact and conclusions of law, but also had ample opportunity to observe the Appellant, as well as the other witnesses, and had an opportunity to converse with them, observe their demeanor, and assess what weight and credibility their testimony warranted.

By virtue of the trial judge's commendable efforts in this case, we feel it

falls within our earlier holdings in Carson v. Page, Okl.Cr., 488 P.2d 379 (1971) and Smith v. State, Okl.Cr., 486 P.2d 744 (1971), wherein we held that where the trial court conducts an evidentiary hearing on an application for post conviction relief and the evidence amply supports the findings of fact and conclusions of law, such findings and conclusions will be adopted by the Court of Criminal Appeals and we will affirm the trial court's order denying post conviction relief.

In view of the above and foregoing, the judgment entered in this cause on February 12, 1971, directing the return of the Appellant to the Oklahoma State Penitentiary for the service of the balance of his sentence is hereby, and the same is, affirmed.

BUSSEY and BRETT, JJ., concur.